[Cite as *State v. Burger*, 2017-Ohio-6885.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104996

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN BURGER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603100-A

**BEFORE:** E.A. Gallagher, P.J., Stewart, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 20, 2017

**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Carl Sullivan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1}    Defendant-appellant John Burger appeals from the imposition of consecutive sentences in the Cuyahoga County Court of Common Pleas. We affirm the judgment of the trial court.

**Facts and Procedural Background**

{¶2} On June 28, 2016, Burger pled guilty to 71 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2), three counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), and one count of possessing criminal tools.

{¶3} The trial court imposed an aggregate prison term of 16 years.   On counts 1 through 74, Burger was sentenced to eight years on each count and he was sentence to 12 months on count 97.   All counts were to be served concurrently to one another but for counts 1 and 72 that were ordered to be served consecutively.

**Law and Analysis**

**I. Consecutive Sentences**

{¶4} In his sole assignment of error, Burger argues that the trial record does not clearly and convincingly support the trial court's consecutive sentencing findings that the seriousness of his conduct and the danger he poses to the community warrant consecutive sentences in this instance.

{¶5} Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from

future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and that at least one of the following also applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶6} Burger does not dispute that the trial court made the relevant findings in support of consecutive sentences but instead argues that the record does not clearly and convincingly support those findings. We begin by noting that Burger's argument misconstrues the relevant standard of review. In reviewing consecutive sentencing findings, this court does not examine whether clear and convincing evidence supports the findings. Instead, pursuant to R.C. 2953.08(G)(2)(a) this court may reverse consecutive sentencing findings only when it "clearly and convincingly" finds that "the record does *not* support the sentencing court's findings" under R.C. 2929.14(C)(4)(emphasis added).

{¶7} The record reflects that Burger was subjected to sexual abuse as a child by his mother as well as two older male children. It was further established at sentencing that

Burger suffers from bipolar disorder and his engagement in high risk sexual activity could potentially be attributed to manic episodes. Burger sought mental health treatment but did not reveal his addiction to child pornography. He had no significant criminal history prior to this case.

{¶8} While mitigating factors exist in this case and were acknowledged by the trial court, we cannot say the record does not support the court's findings that the seriousness of Burger's conduct and the danger he poses to the community warranted consecutive sentences. Included within the child pornography that Burger was involved sharing on the internet were 45 files involving infant and toddler rape. Burger admitted to downloading and searching for child pornography and used search terms such as "preteen." Burger admitted to masturbating to child pornography three to five times a week. He acknowledged that he knew what he was doing was wrong and he attempted to stop but was unable and would relapse.

{¶9} Burger further admitted that he was interested in girls aged ten years and older. Burger told police that when he sees children in public he usually looks to see if their parents are nearby because he knows other people are like him and those people won't stop. He also admitted to possessing and wearing children's clothing.

{¶10} While noting empathy for Burger due to the abuse he endured as a child, the trial court found that he likely had been sexualized in a manner to be attracted to children. The court noted the "very real concern" for Burger's unsupervised freedom in light of his admissions about observing children in public and possessing children's clothing.

Consistent with this court's decision in *State v. Bonness*, 8th Dist. Cuyahoga No. 96557, 2012-Ohio-474, the trial court expressed the view that the sharing of child pornography was a revictimization of the children involved. *Bonness* at ¶ 14 (holding that "[c]hild pornography is a permanent record of a child's abuse and the distribution of child pornography images revictimizes the child each time the image is viewed.").

{¶11} We cannot say that the record clearly and convincingly does not support the trial court's consecutive sentencing findings in this instance.

{¶12} Burger's sole assignment of error is overruled.

{¶13} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
ANITA LASTER MAYS, J., CONCUR